18-3493-cv
Ruiz v. City of Bridgeport et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand nineteen.

PRESENT:  GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------

JESUS RUIZ,

*Plaintiff-Appellant*,

v.                                                                No. 18-3493-cv

CITY OF BRIDGEPORT, THOMAS AUSTIN,
STEVE LOUGAL,

*Defendants-Appellees*.

------------------------------------------------------------------

FOR APPELLANT:                    JOSEPHINE S. MILLER, Danbury, CT.

FOR APPELLEES:                    JOHN R. MITOLA, Office of the City Attorney, Bridgeport, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Jesus Ruiz appeals from a judgment of the District Court (Thompson, J.) granting summary judgment in favor of the defendants on all seven counts of Ruiz's complaint, which arise from events culminating in the termination of Ruiz's employment at the City of Bridgeport Animal Shelter. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the District Court's disposition of summary judgment motions under settled standards, viewing the evidence in the light most favorable to the party opposing summary judgment. See Fed. R. Civ. P. 56(a); Chen v. City Univ. of N.Y., 805 F.3d 59, 69 (2d Cir. 2015).

2

On appeal, Ruiz challenges only the dismissal of his retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60 et seq. He argues that the District Court erred in granting summary judgment to Defendants-appellees, in part because he believes he was entitled to judgment as a matter of law on those claims, as he previously argued to the District Court in a partial summary judgment motion that the District Court denied. First, based on proceedings before a state court in a related case, he contends that Defendants-appellees are judicially estopped from arguing that Ruiz was legitimately terminated for poor job performance. Because Ruiz never previously raised an estoppel argument, we deem it forfeited and decline to consider it for the first time on appeal. See Mago Int'l v. LHB AG, 833 F.3d 270, 274 (2d Cir. 2016).

Second, Ruiz argues that the District Court erred in ruling that he failed to adduce evidence that the proffered reasons for his termination were pretextual under the third stage of the McDonnell Douglas test. See Kirkland v. Cablevision Sys., 760 F.3d 223, 225 (2d Cir. 2014) (citing McDonnell Douglas

3

Corp. v. Green, 411 U.S. 792, 802 (1973)).  The decision to terminate him, Ruiz claims, must have been based on his decision to amend his complaint and not on his performance issues.  In support, he points to a settlement agreement, which proposed to demote and suspend Ruiz in exchange for his agreement to dismiss this case and the related state case.  We note that at Ruiz's request the District Court ruled that the agreement was unenforceable.  Even assuming Ruiz can rely on the terms of an unenforceable settlement agreement for this purpose, but see Fed. R. Evid. 408(a); Coutard v. Mun. Credit Union, 848 F.3d 102, 114 (2d Cir. 2017), he adduced no evidence that these terms represented his employer's actual assessment of how to handle Ruiz's performance issues rather than a negotiated bargain.  Nor did he provide any evidence other than the timing of the termination to support his allegation that the proffered reasons for his termination were pretextual.  As the District Court correctly held, this temporal proximity is insufficient to satisfy Ruiz's burden to present some evidence of pretext at this stage of the analysis.  See El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010).

We have considered Ruiz's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court